James A. Mitchell (*Appearing Pro Hac Vice*)
  MitchellJ@ballardspahr.com
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel: (646) 346-8006
Fax: (212) 223-1942

Robert S. Gutierrez (State Bar No. 143223)
  GutierrezR@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Tel.: (424) 204-4400; Fax: (424) 204-4350

Attorneys for Defendants
DAVID PECKER and WORLDWIDE MEDIA
SERVICES GROUP, INC. (successor in name to
American Media, Inc.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

| | |
|---|---|
| MICHAEL SANCHEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDIA, INC., a Delaware corporation; THE NATIONAL ENQUIRER, INC., a Florida corporation; DAVID PECKER, an individual; DYLAN HOWARD, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-02924 DMG (PVCx)<br><br>**DECLARATION OF JAMES ROBERTSON IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE THE COMPLAINT**<br><br>**JUDGE:** Hon. Dolly M. Gee<br>**CTRM:** 8C, 8th Floor |

# DECLARATION OF JAMES ROBERTSON

I, James Robertson, declare as follows:

1. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

2. I submit this declaration in support of the Supplemental Reply in Support of the Special Motion to Strike ("MTS") the Complaint of Plaintiff Michael Sanchez ("Mr. Sanchez") by Defendants' Worldwide Media Services Group, Inc.[1] and David Pecker ("Defendants").

3. For the entirety of AMI's investigation and reporting of an affair between Jeffrey Preston Bezos's ("Mr. Bezos") and Wendy Lauren Sanchez ("Ms. Sanchez") (the "Affair"), I was the Head of News and a senior executive editor at AMI, based in New York City. In my role as Head of News, I was fully familiar with all aspects of *TNE*'s reporting about the Affair.

4. I have reviewed the Declaration of Nikolaos Tzimas Hatziefstathiou, sworn to on March 23, 2021 (the "NH Declaration") and submitted by Mr. Sanchez in supplemental opposition to Defendants' MTS.

5. The NH Declaration states that Mr. Hatziefstathiou was assigned by Mr. Howard to investigate Mr. Bezos and, in particular, information Mr. Howard had received from Patrick Whitesell ("Mr. Whitesell") that Mr. Bezos was having an extramarital affair with Ms. Sanchez, then married to Mr. Whitesell. NH Decl. ¶ 3. The NH Declaration also states that "[i]n the following months, [Mr. Hatziefstathiou] conducted an investigation of Mr. Bezos and his 'rags to riches' story, up to and including the Affair." *Id.* These statements have no basis in fact. In September of 2018, I asked several AMI reporters (including Mr. Hatziefstathiou) to work on certain unrelated reporting about Mr. Bezos's troubled

---

[1] It is my understanding that WMSG is the successor in name to American Media, Inc. ("AMI").

relationship with his relatives in connection with a potential story concerning Mr. Bezos having been named the richest person in the world. This reporting was entirely separate from and unrelated to AMI's reporting on the Affair.

6. In fact, Mr. Hatziefstathiou was in no way involved in AMI's reporting on the Affair or in AMI's dealings with the sole source of that story, Mr. Sanchez. Moreover, Mr. Whitesell was never a source for AMI of *any* information or material relating to the Affair. To the best of my knowledge, he was never a source for any AMI article during my tenure at AMI. Given the confidential and sensitive nature of the information and material AMI was receiving from Mr. Sanchez about the Affair, we took considerable care to limit knowledge within AMI of the Affair and, in particular, the fact that Mr. Sanchez was the source of the Affair story.

7. The NH Declaration also states that Mr. Hatziefstathiou "received . . . byline credit for not fewer than eight stories about the [Bezos] Affair, published online by AMI publications [*TNE*], *Us Weekly* …, and *RadarOnline.com* … beginning on January 9, 2019, the day the Affair first became public knowledge." NH Decl. ¶ 3. Mr. Hatziefstathiou then goes on to identify the specific eight articles as to which he claims to have received a byline. *Id.* This statement also is entirely untrue. I was the person at AMI responsible for deciding which reporters received byline credit for stories. I know that Mr. Hatziefstathiou (with fellow AMI reporter Andy Tillett) received shared byline credit for only one article on *TNE*'s online edition, www.nationalenquirer.com ("*TNE* Online") concerning Mr. Bezos, and that article was the result of his work on the unrelated, non-Affair reporting concerning Mr. Bezos's family (he interviewed Mr. Bezos's aunt), which AMI later determined to publish in conjunction with its various Affair-related articles. To that end, I have reviewed the various articles from *TNE* Online, attached as Exhibit A to the Declaration of Bradley R. Gershel dated April 29,

2021, and I can confirm that those articles contain the accurate bylines as they appeared when the articles were originally published. Because Mr. Hatziefstathiou was not involved in the reporting, his name does not appear on any of the Affair-related articles.

8. In this respect, on January 9, 2019, I exchanged a series of text messages with my colleague, Andrea Simpson ("Ms. Simpson"), Senior News Editor with AMI. A true and correct copy of these text messages is attached hereto as Exhibit A. In this exchange, I alerted Ms. Simpson to the fact that Mr. Hatziefstathiou and Mr. Tillett would be among the reporters receiving byline credit for the January 28, 2019 print edition. Specifically, I advised Ms. Simpson of the only reason why Mr. Hatziefstathiou would be receiving byline credit: "He's getting a credit for interviews with the family."

9. Consistent with the sensitive nature of the information and material AMI was receiving from Mr. Sanchez about the Affair and the efforts we took to limit knowledge within AMI of the Affair and, in particular, the fact that Mr. Sanchez was the source of our reporting of the Affair, Ms. Simpson asked, "Nik didn't know the big story tho right?" In response, I told Ms. Simpson that she was "[c]orrect" and, even at that time -- the same day that the first *TNE* article relating to the Affair was published -- it was my understanding that Mr. Hatziefstathiou was still unaware of AMI's reporting about the Affair.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of April, 2021, at New York, NY.

_____
James Robertson

NEW YORK, NY